**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-2881
_____

DAVID DANON,
      Appellant

v.

VANGUARD GROUP, INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. Civil Action No. 2-15-cv-06864)
District Judge: Honorable C. Darnell Jones, II

_____

Submitted under Third Circuit LAR 34.1(a)
on January 26, 2017

Before: CHAGARES, RESTREPO and ROTH, Circuit Judges

(Opinion filed: April 12, 2017)

_____

OPINION*

_____

ROTH, Circuit Judge

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

David Danon used to work as a tax lawyer for The Vanguard Group, Inc., an investment services firm. He came to believe that Vanguard was violating certain tax and corporate laws, and he informed various senior employees of Vanguard of this belief. Vanguard's officers disagreed with Danon's assessment of the law, but Danon continued to inform Vanguard employees of his legal conclusions. Three years later, Vanguard terminated his employment. He then sued Vanguard in New York state court, specifying numerous causes of action, one of which was retaliation. However, his case was dismissed because, as relevant here, it did not adequately plead facts relating to Vanguard's knowledge of Danon's activities. He has now sued Vanguard for retaliation under several different statutes in federal court, but his case was dismissed again—this time because, among other reasons, he was precluded from asserting that Vanguard knew about his activities. He has now appealed that dismissal, arguing that he is not precluded. For the reasons that follow, we agree. However, because he has not appealed with respect to any other issue, and because the District Court provided sufficient alternative grounds for dismissing all of Danon's claims except the Dodd-Frank claim, we will vacate only the dismissal of the Dodd-Frank claim.

**I. Background**

In 2010, Danon, while working as a tax lawyer for Vanguard, came to the conclusion that Vanguard was engaged in illegal tax and corporate practices. He alleges that, beginning at that time and continuing throughout the remainder of his employment with Vanguard, he advised various senior corporate employees and members of Vanguard's tax department of his conclusion. However, these individuals rejected his

2

conclusion. He alleges that Vanguard's senior employees told him to stop attempting to notify individuals at Vanguard of his conclusion and not to put this conclusion in writing. In addition, he alleges that, around this time, a Vanguard employee requested that Danon perform certain duties (which he does not specify) that Danon refused to perform because he believed they were in violation of the law. On or around January 3, 2013, Vanguard informed Danon that it was going to terminate his employment soon and that he should seek other employment. Vanguard ultimately terminated his employment in June 2013.

Shortly before his termination, on May 8, 2013, Danon filed an action against Vanguard with the Supreme Court of New York in New York County. Among other causes of action, he suggested that Vanguard retaliated against him by firing him for his efforts to stop Vanguard's illegal activities, and that this retaliation violated the New York False Claims Act. Upon Vanguard's motion, his complaint was dismissed. The court held that the complaint failed to allege a claim for retaliation under the statute because it did not "contain any allegations that [Vanguard] knew in January 2013[] that Danon was involved in protected conduct." While he repeatedly stressed that Vanguard knew about his conduct, he did "not indicate the dates when he expressed his concerns to Vanguard's employees and, in particular, whether he did so before he was informed of his termination in January 2013."[1] Because knowledge was a necessary element of Danon's claim, failing to plead knowledge adequately was sufficient to warrant dismissal.

---

[1] App. 174.

While Danon was appealing that dismissal, he filed this suit against Vanguard in the United States District Court for the Eastern District of Pennsylvania. He claimed that his termination was retaliation in violation of the whistleblower protections of the Sarbanes-Oxley Act,[2] the Dodd-Frank Wall Street Reform and Consumer Protection Act,[3] and the Pennsylvania Whistleblower Law.[4] Vanguard moved to dismiss on the basis of, among other things, issue preclusion and failure to provide sufficient factual allegations to support the claim for retaliation.[5] The District Court held that issue preclusion applied and defeated Danon's claims.[6] The District Court also held that the Pennsylvania Whistleblower Law claim was time-barred because Danon did not bring his claim within 180 days after occurrence of the alleged violation, as required by the statute, and the Sarbanes-Oxley claim was barred because it was not administratively exhausted with the Occupational Safety and Health Administration, as required by the statute.[7]

This appeal followed.

---

[2] 18 U.S.C. § 1514A.
[3] 15 U.S.C. § 78u-6(h)(1).
[4] 43 P.S. § 1423.
[5] Because the District Court did not decide whether the complaint provided sufficient factual allegations to support the claim, we do not decide that issue here either.
[6] *Danon v. Vanguard Grp., Inc.*, No. 15-6864, 2016 WL 2988987, at *3-*4 (E.D. Pa. May 23, 2016).
[7] *Id.* at *6. Danon has not appealed these determinations.

## II. Discussion[8]

The District Court held that Danon was precluded "from relitigating whether there was a causal connection between his firing and his activities, even if such activities are protected. As a causal connection is a component of the *prima facie* case for retaliation claims under SOX, Dodd-Frank, and the Pennsylvania Whistleblower Law, Plaintiff's Complaint must be dismissed."

The District Court held that a New York state court case gave rise to preclusion here. "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."[9] Hence, we look to New York law to determine whether Danon would be precluded in this suit. Under New York law, issue preclusion prevents a party from relitigating an issue that was decided in an earlier proceeding.[10] For preclusion to apply, "[t]here must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling."[11]

The issue that was decided in the New York case was whether Danon's complaint adequately alleged facts regarding Vanguard's knowledge of Danon's whistleblowing

---

[8] The District Court had jurisdiction under 28 U.S.C. § 1331.  We have jurisdiction under 28 U.S.C. § 1291.  Our review over a District Court's grant of a motion to dismiss on the basis of issue preclusion is generally plenary. *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 248 (3d Cir. 2006).
[9] *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).
[10] *Atl. Mut. Ins. Co. v. Lauria*, 739 N.Y.S.2d 394, 396 (N.Y. App. Div. 2002).
[11] *Schwartz v. Pub. Adm'r of Bronx Cty.*, 246 N.E.2d 725, 729 (N.Y. 1969).  *See also PenneCom B.V. v. Merrill Lynch & Co.*, 372 F.3d 488, 491 (2d Cir. 2004) (quoting *Schwartz* to describe New York issue preclusion).

activities. The court did not decide whether, in fact, Vanguard knew about Danon's activities.[12] Hence, Danon is not precluded from asserting that Vanguard knew about Danon's activities in this case; that factual issue was not decided. More generally, the New York decision can give rise to issue preclusion only insofar as Danon's complaint suffers from the same defects as the New York complaint did.[13] The federal complaint does allege knowledge, so it does not suffer from the same defect.[14] For this reason, we will vacate the issue preclusion portion of the District Court's opinion.

### III. Conclusion

For the foregoing reasons, we will vacate the portion of the District Court's opinion dismissing the Dodd-Frank claim and remand for further proceedings consistent with this opinion.[15]

---

[12] App. 173-75.

[13] *175 E. 74th Corp. v. Hartford Acc. & Indem. Co.*, 416 N.E.2d 584, 586 n.1 (N.Y. 1980) ("A dismissal [for failure to state a cause of action] has preclusive effect only as to a new complaint for the same cause of action which fails to correct the defect or supply the omission determined to exist in the earlier complaint.").

[14] In determining that the federal complaint alleges knowledge, we are not deciding whether those allegations are appropriate or sufficient. We leave that determination to the District Court.

[15] The parties raised additional arguments regarding the Dodd-Frank claim before this Court. The District Court, however, is better situated to rule on these claims in the first instance. Thus, we will not resolve them here.